### UNITED STATES v. AYCOCK-LINDSEY CORP.

No. 13189.

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1951.

---

and the amount of subsidies actually paid them, on the ground that they should be treated as a single corporation.

In the latter part of 1938, the appellee was carrying on two turpentine timber operations in Dixie, Lafayette, and Suwannee Counties, Florida. The Dixie County lands were held under leases that precluded curtailment of operations sufficient to enable appellee to participate in the 1939 Naval Stores Conservation Program; but the lands in Lafayette and Suwannee Counties were not subject to restriction, and, with respect to them, the appellee desired to participate in the program. Such participation was not permissible with both operations in one ownership, because regulations required participation on all lands operated under one ownership; so in order to bring the Lafayette and Suwannee County lands within the program, appellee set up its subsidiary corporation, the Mayo Rosin Company, to take over operations on these lands. Pursuant to such an arrangement, the Mayo Rosin Company carried on operations in conformity with the program from 1939 through 1943, and received the appropriate subsidies for 1939, 1940, and 1941. In 1942, the policy and program of curtailing production were changed, and during that year and 1943, subsidies were paid for increased, rather than curtailed, production. Under the program for increased production, the covenants in appellee's leases on timber in Dixie County no longer prohibited participation, and the appellee was able to come within, and comply with, this program. Subsidy payments were made to both the appellee and the Mayo Rosin Company in 1942.

In 1943, the two companies again complied with the requirements for the payment of subsidies for that year, but before payment was made for 1943, the Solicitor for the Department of Agriculture rendered an opinion to the effect that appellee and its wholly-owned subsidiary should be treated as a single enterprise. Thereafter, the Regional Fiscal Agent of the Forest Service advised appellee that the subsidy of the two companies would have

Neil Brooks, Associate Solicitor, U. S. Dept. of Agriculture, Washington, D. C., Damon G. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for appellant.

Lucien H. Boggs, Delbridge L. Gibbs, Jacksonville, Fla., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This action arises under the Soil Conservation & Domestic Allotment Act of February 29, 1936,[1] to recover the difference between the amount allegedly payable to the appellee and its wholly-owned subsidiary, as separate entities under the Act,

1. 49 Stat. 1148, 16 U.S.C.A. §§ 590a–590q, as amended.

an over-all limitation of $10,000, and that the excess paid in 1942 would be deducted from the subsidies that otherwise would have been payable in 1943. By reason of the Solicitor's ruling, the appellee and its subsidiary, which were entitled under the prior arrangement to $7,220.10 and $7,708.91, respectively, had their claims reduced to $572.33 and $1,431.54, respectively. Suit was brought by appellant to recover the difference between the aggregate amount payable to both corporations as separate entities and the sum due them as a single enterprise, under the program as applied prior to 1943. The lower court denied the government's motion for summary judgment, granted appellee's motion, and entered judgment against the government for $6,714.69.

The only question presented to us on this appeal is whether the $10,000 limitation on payments to any one person, contained in Section 8(e) of the Soil Conservation & Domestic Allotment Act, as amended, applies to the appellee and its wholly-owned subsidiary. We are of opinion that it does, the language of the statute being clear and unambiguous. At the time appellee set up its subsidiary, there was a valid reason for so doing, but when the reason for the segregation of the two operations ceased to exist, the purpose of the wholly-owned subsidiary likewise ceased. Its continued use, after the purpose for its creation had ceased to exist, was the adoption of a practice which tended to defeat the purposes of the program, in that it attempted to avoid the statutory limitation imposed by Section 8(e) of the Act. The subsidiary in question was wholly owned by appellee, completely subject to appellee's control, and organized for the purpose of doing something that appellee could not do directly.

In our former opinion, the court very carefully stated, on pages 518, 519 of 171 F.2d, that it would omit from discussion the question of whether appellee and its wholly-owned subsidiary should be deemed to be a single entity in applying the $10,000 limitation. Our former opinion dealt exclusively with the question of federal jurisdiction, and should not be interpreted so as to affect liability of the parties on the merits. The appellant's motion for summary judgment should have been granted, and the appellee's denied. The judgment appealed from is reversed, and judgment rendered here dismissing the complaint on its merits.

Reversed and rendered.